IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> FRANK M. FERNANDEZ AND JANIS H. FERNANDEZ, <br><br> Defendants. | CIVIL NO. 17-00086 DKW-RLP <br><br> FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS FRANK M. FERNANDEZ AND JANIS H. FERNANDEZ |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS
<u>FRANK M. FERNANDEZ AND JANIS H. FERNANDEZ</u>[1]

Before the Court is Plaintiff's Motion for Entry of Default Judgment Against Defendants Frank M. Fernandez and Janis H. Fernandez, filed on June 16, 2017 ("Motion"). ECF No. 16. Defendant Frank M. Fernandez, proceeding pro se, filed a Response on June 26, 2017, asking the Court to deny the Motion and stating that he had not been properly served and had been in contact with Plaintiff's counsel. <u>See</u> ECF No. 18-1. Defendant Janis H. Fernandez, also proceeding pro se, filed a similar Response on July 3, 2017. <u>See</u> ECF No. 21. Plaintiff filed its Reply on July 7, 2017, arguing that service had been properly made and asking

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

the court to proceed with entering default judgment against Defendants. ECF No. 22. After carefully reviewing the parties' submissions and the relevant legal authority, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiff's Motion.

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and the subsequent entry of default judgment by either the clerk or the district court. Rule 55 requires a "two-step process" consisting of: (1) seeking entry of default, and (2) filing a motion for entry of default judgment. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986); Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009). Entry of default is appropriate where service was effected on the defendant and the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Courts may set aside an entry of default for good cause. See Fed. R. Civ. P. 55(c).

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment

as a matter of right.  Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991).  Courts generally disfavor defaults because the interests of justice are best served by obtaining a judgment on the merits whenever reasonably possible.  Eitel, 782 F.2d at 1472; Pena v. Seguros La Comerical, S.A., 770 F.2d 811, 814 (9th Cir. 1985).

      Here, Plaintiff filed its Complaint for breach of contract on February 28, 2017.  ECF No. 1.  On April 24, 2017, Plaintiff filed Proofs of Service stating that Mr. Fernandez had been personally served at his residence and that Ms. Fernandez had been served through Mr. Fernandez on April 1, 2017.  See ECF Nos. 11, 12.  The Clerk of Court entered default against Defendants on May 3, 2017.  ECF No. 14.  Plaintiff filed the present Motion on June 16, 2017, asserting that it properly served Defendants and that it is entitled to default judgment.  See ECF Nos. 13, 16.  According to the declaration of the process server submitted with Plaintiff's Reply, the process server approached Mr. Fernandez outside of his house, told him that he was serving him and his wife, and then left the Complaint and Summons at the front door after Mr. Fernandez entered the house through that door and refused to respond.  See ECF No. 22-1.  Based on this information, it appears that service was proper.  See, e.g., Song v. KBOS, Inc., No. CV 15-00094, 2015 WL 5162556, at *2 (D. Haw. Aug. 31, 2015) (holding that service was sufficient where the agent refused to take the documents and the

3

server left them on a nearby counter); see also Travelers Cas. & Sur. Co. v. Brenneke, 551 F.3d 1132, 1135-36 (9th Cir. 2009) ("Sufficient service may be found where there is a good faith effort to comply with the requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions to evade service.").

There is no dispute that Defendants did not answer or otherwise respond to the Complaint by April 24, 2017, which was the time allowed under Federal Rule of Civil Procedure 12(a). See Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that a response must be filed within 21 days after service). Defendants did not appear in this action until they filed Responses to the present Motion. See ECF Nos. 18, 21. Despite failing to timely respond to the Complaint, Defendants have indicated their clear intent to defend this case by filing Responses to Plaintiff's Motion. Based on Defendants' Responses, the Court FINDS AND RECOMMENDS that Plaintiff's Motion requesting default judgment against Defendants be DENIED so that this action can proceed on the merits. Because Defendants have indicated their intent to defend this action, the Court also FINDS AND RECOMMENDS that the entry of default against Defendants should be set aside. See Fed. R. Civ. P. 55(c). Further, the Court RECOMMENDS that Defendants be required to file responses to the Complaint no later than 10 days

after the district court acts on this Findings and Recommendation.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that:

(1) Plaintiff's Motion for Entry of Default Judgment Against Defendants Frank M. Fernandez and Janis H. Fernandez be DENIED;

(2) The entry of default against Defendants Frank M. Fernandez and Janis H. Fernandez be set aside; and

(3) Defendants Frank M. Fernandez and Janis H. Fernandez be directed to file responses to the Complaint no later than 10 days after the district court acts on this Findings and Recommendation.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, JULY 11, 2017.



Richard L. Puglisi
United States Magistrate Judge

**AMERICAN CONTRACTORS INDEMNITY CO. v. FRANK M. FERNANDEZ AND JANIS H. FERNANDEZ; CIVIL NO. 17-00086 DKW-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS FRANK M. FERNANDEZ AND JANIS H. FERNANDEZ**