IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK M. FERNANDEZ and JANIS H. FERNANDEZ,<br><br>Defendants. | Case No. 17-cv-00086-DKW-WRP<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART MOTION TO CONFIRM IN PART AND MODIFY IN PART FINAL AWARD OF ARBITRATOR DATED APRIL 1, 2019, AND (2) CONFIRMING AWARD OF ARBITRATOR** |

On April 17, 2019, Plaintiff American Contractors Indemnity Company ("ACIC" or "Plaintiff") filed the pending motion to confirm in part and modify in part final award of arbitrator dated April 1, 2019 ("the motion"), pursuant to Sections 9 and 11 of Title 9 of the U.S. Code. Dkt. No. 51. Because no party provides a valid legal basis for the Court to do anything other than confirm the arbitration award in its entirety, the motion is granted to the extent it seeks confirmation of the award, but denied to the extent it seeks modification of the same. As a result, this Court confirms the arbitration award in its entirety without modification.

## PROCEDURAL BACKGROUND

On February 28, 2017, ACIC initiated this action by filing a complaint against Defendants Frank M. Fernandez and Janis H. Fernandez (collectively, "Defendants"), alleging that Defendants had breached several contracts between the parties when they failed to indemnify ACIC with respect to various bail bonds for which ACIC was the surety. Dkt. No. 1.

After default against Defendants was set aside, Dkt. No. 30, Defendants, proceeding pro se, each filed an answer and counterclaims against ACIC, Dkt. Nos. 35-36. Among other things, Defendants asserted that ACIC had failed to mitigate damages in connection with a bail bond provided in a State criminal case involving non-party Dietrich Washington ("the Washington Case").

On November 6, 2017, ACIC filed a motion to stay this case pending arbitration ("the motion to stay"). Dkt. No. 41. On January 9, 2018, the parties entered a stipulation agreeing to stay this case so that they could resolve their disputes through arbitration ("the stipulation"). Dkt. No. 47. The stipulation provided that the arbitration award would be deemed binding, and could be confirmed, in this case. The stipulation further provided that the arbitration would be conducted through Dispute Prevention & Resolution, Inc. ("DPR").

On April 17, 2019, ACIC filed the pending motion. Attached thereto is a Final Award of Arbitrator, dated April 1, 2019 ("the Arbitration Award"). Dkt. No. 51-3. The Arbitration Award provides that the arbitrator found for ACIC in the principal amount of $398,378.06. ACIC was also awarded $42,387.50 in attorney's fees and $544.02 in costs. In addition, ACIC was ordered "to attempt to pursue recovery of all forfeitures incurred in the Dietrick [*sic*] Washington bail forfeiture within ninety (90) days of the date of [the Arbitration Award]." The Arbitration Award provided that, to the extent there was any reimbursement from the Washington Case, that amount, less reasonable fees and costs incurred, would be credited against the principal amount awarded to ACIC. The Arbitration Award further provided that, if ACIC failed to "initiate the required proceeding," Defendants would be entitled to a $250,000 credit. Finally, the Arbitration Award provided that the fees and costs of the arbitrator would be shared equally by the parties and paid as directed by DPR.

A hearing was scheduled to take place on May 31, 2019 with respect to the motion. Dkt. No. 52. On May 10, 2019, Defendants filed a response to the motion. Dkt. No. 54. ACIC did not file a reply until May 22, 2019. Dkt. No. 55.[1] On that same day, the Court vacated the May 31, 2019 hearing, pursuant to

---

[1] ACIC's reply is undoubtedly untimely. As just mentioned, the hearing on the motion was set

Local Rule 7.2(d).   Dkt. No. 56.

## **LEGAL STANDARD**

A court's review of an arbitration award is limited by the Federal Arbitration Act (FAA).   *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 661-662 (9th Cir. 2012).   Pursuant to the FAA, a court must grant an order confirming the arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11…."   9 U.S.C. § 9.

Here, while ACIC asks this Court to confirm in part the Arbitration Award, ACIC also asks the Court to modify the award in part.   Dkt. No. 51-1 at 1.   Pursuant to the FAA, a court may only modify an arbitration award on the following grounds:

> (a)   Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b)   Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c)   Where the award is imperfect in matter of form not affecting the merits of the controversy.

---

for May 31, 2019.   Therefore, pursuant to Local Rule 7.4, the reply was due "not less than fourteen (14) days prior to the date of the hearing."   In other words, by May 17, 2019.   Although Local Rule 7.4 permits this Court to disregard or strike the reply under these circumstances, the Court declines to do so.   That being said, the reply adds nothing to the Court's analysis.   The Court also notes that, on May 28, 2019, its chambers received a telephone voice message from Defendant Frank Fernandez inquiring as to whether Mr. Fernandez could file a response to ACIC's reply.   Given that the reply adds nothing to the analysis herein, a response (or sur-reply) from Mr. Fernandez is unnecessary.

9 U.S.C. § 11.

## **DISCUSSION**

In the motion, ACIC seeks confirmation of the Arbitration Award with one caveat–ACIC wishes to have the condition that it attempt to pursue recovery of forfeitures incurred in the Washington Case removed or, in ACIC's words, deemed "already…fulfilled." In other words, ACIC seeks confirmation of all that is good (in its eyes) with the Arbitration Award and removal of all that is potentially less good.

ACIC argues that it is entitled to this relief because, as mentioned, it believes that the above condition has been fulfilled. More specifically, ACIC argues that the condition was fulfilled before the arbitration proceeding between the parties even took place when a motion to recover the forfeitures incurred in the Washington Case was filed in the State criminal case, denied, and the denial affirmed on appeal. ACIC argues that, in light of this history from the State criminal case, the condition imposed on it in the Arbitration Award is not legal or proper because a second motion to recover the forfeitures incurred in the Washington Case is not permitted under Hawaiʻi law. Although at no point in its motion does ACIC set forth the legal standard for modifying an arbitration award, near the end of the motion, ACIC does appear to rely on one provision of Section

5

11–the one allowing for modification of an award on a matter that has not been submitted to the arbitrator. *See* Dkt. No. 51-1 at 7-8.[2]  In that regard, ACIC argues that the complaint and counterclaims in this case were submitted to the arbitrator, not the filing of a motion to recover the forfeitures incurred in the Washington Case.

      The foregoing argument demonstrates a fundamental misunderstanding of the matters submitted to the arbitrator and the Arbitration Award.  The stipulation clearly provides that this case would be stayed so that the parties could resolve their disputes through arbitration.  As ACIC asserts, the disputes set forth in the complaint and the counterclaims were, therefore, submitted to the arbitrator.  Dkt. No. 51-1 at 8.  One of the disputes set out in Defendants' counterclaims was ACIC's purported failure to mitigate its damages in connection with the forfeitures incurred in the Washington Case.  *See* Dkt. Nos. 35 at ¶¶ 42-54; 36 at ¶¶ 42-54.  Evidently, the arbitrator resolved this dispute by ordering ACIC "to attempt to pursue recovery of all forfeitures incurred" in the Washington Case.  *See* Dkt. No. 51-3 at 3.  The matter is that straightforward: the parties submitted the disputes set forth in the pleadings of this case to the arbitrator; the pleadings of this case

---

[2]Because ACIC does not mention the other provisions of Section 11, the Court does not further address them other than to say that, on the current record, those provisions provide no reason to modify the Arbitration Award.

included a dispute concerning the forfeitures incurred in the Washington Case; and the arbitrator resolved that dispute in the Arbitration Award. ACIC's characterization, of what the arbitrator's resolution of this dispute purportedly requires ACIC to do, does not change the plain fact that the dispute itself was submitted to the arbitrator. As a result, there is no reason to modify the Arbitration Award on the ground that it involves an award on a matter not submitted to the arbitrator.

ACIC's other argument, that the arbitrator's resolution of the submitted dispute is improper or not supported by Hawai'i law, is simply not a basis to modify an arbitration award under Section 11. ACIC makes no argument to the contrary, which is presumably why ACIC notably avoids discussing the legal standard for the relief it seeks.[3] As a result, because this Court's review of the

---

[3]The Court notes that any such argument is more akin to one made under Section 10 when seeking to *vacate* an arbitration award. More specifically, the Ninth Circuit has concluded that arbitrators exceed their powers for purposes of Section 10 when an award "exhibits a manifest disregard of law." *See Biller*, 668 F.3d at 665 (quotation omitted). For good reason, ACIC makes no argument that the Arbitration Award exhibits a manifest disregard of law as that phrase has been explained by the Ninth Circuit. *See id.* (explaining that "manifest disregard of law" requires more than "an error in the law or a failure on the part of the arbitrators to understand or apply the law," instead, to vacate an award on this basis, "it must be clear from the record that the arbitrators recognized the applicable law and then ignored it.") (quotations and internal quotation marks omitted). In any event, ACIC also provides no explanation as to why this Court should apply this standard in the context of Section 11.

Arbitration Award is limited by the FAA, the Court cannot modify the award on this ground either.[4]

Because ACIC presents no other reason to modify the Arbitration Award, the motion is GRANTED to the extent that the Arbitration Award is confirmed in its entirety and DENIED to the extent that ACIC seeks modification of the award.

Finally, the Court notes that, in their response, which is more accurately a declaration from Frank Fernandez, Defendants appear to suggest that they should not be required to pay any of the arbitrator's fees or costs, even though Mr. Fernandez also states that "all parties are legally bound by the [Arbitration Award]." *See* Dkt. No. 54-1 at ¶¶ 5-8. To the extent these statements in Mr. Fernandez's declaration can be construed as an argument for modifying or vacating the Arbitration Award, the argument is meritless, given that Defendants make no argument that any ground for vacating or modifying the Arbitration Award applies

---

[4]The Court notes that ACIC's argument that the "intent" of the Arbitration Award has been fulfilled also does not fit within the grounds for modification under Section 11. Although Section 11 does provide that, in modifying an arbitration award, a court order should do "so as to effect the intent thereof," any such modification can only occur if one of the three grounds for modification has been met. *See* 9 U.S.C. § 11. Put another way, effecting the intent of an arbitration award because the terms of the award itself purportedly fail to do so is not an independent ground for modification. In addition, ACIC's "intent" argument is misplaced. As ACIC acknowledges, a motion to recover the forfeitures incurred in the Washington Case was filed *before* the arbitration occurred. It, thus, cannot be said that, that event "fulfilled" the condition imposed much later or otherwise the arbitrator would not have imposed the condition.

here.[5]   Instead, as Mr. Fernandez acknowledges, and as Defendants agreed in the stipulation, the Arbitration Award is binding on all parties in this case, which includes Defendants.   This necessarily means that the requirement in the Arbitration Award for fees and costs of the arbitrator to be shared equally is binding on Defendants.[6]

## **CONCLUSION**

For the reasons discussed herein, (1) the motion to confirm in part and modify in part final award of arbitrator dated April 1, 2019 (Dkt. No. 51) is GRANTED IN PART and DENIED IN PART, and (2) the final award of arbitrator dated April 1, 2019 (Dkt. No. 51-3) is CONFIRMED in its entirety without modification.

---

[5]The Court notes that Mr. Fernandez states in his declaration that the Defendants did not know they would have to pay for any costs of the arbitration.   Dkt. No. 54-1 at ¶¶ 7-8.   The purported fact that Defendants did not understand they may have to pay for the service they agreed and stipulated to, though, is no reasonable reason for them to fail to comply with the Arbitration Award.   This is especially so given that the rules of the American Arbitration Association and DPR provide for the equal sharing of arbitration fees and costs.   *See* Am. Arbitration Ass'n, *Commercial Arbitration Rules and Mediation Procedures* (2013) at 29-30 (Rule R-54); Dispute Prevention & Resolution, Inc., *Arbitration Rules, Procedures & Protocols* (2015) at 5-6, 17 (Section I DPR Fees & Costs; Section II Advance Deposits & Refunds; Section IV, Rule 30 Scope of Award of Arbitrator(s)), https://dprhawaii.com/wp-content/uploads/2017/07/arbitrationrules.pdf.

[6]Inexplicably, in his declaration, Mr. Fernandez states that, in the Arbitration Award, the Defendants were not ordered to pay any fees.   Dkt. No. 54-1 at ¶ 5.   Given that Defendants were "parties" to the arbitration, they were most certainly ordered to share equally in the payment of the arbitrator's fees and costs.   *See* Dkt. No. 51-3 at 3.

The Clerk of the Court is directed to enter Final Judgment, incorporating and confirming the final award of arbitrator dated April 1, 2019 (Dkt. No. 51-3), and to then close this case.

IT IS SO ORDERED.

Dated: May 29, 2019 at Honolulu, Hawai'i.

/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*American Contractors Indemnity Company v. Frank M. Fernandez, et al.;* Civil No. 17-00086 DKW-WRP; **ORDER (1) GRANTING IN PART AND DENYING IN PART MOTION TO CONFIRM IN PART AND MODIFY IN PART FINAL AWARD OF ARBITRATOR DATED APRIL 1, 2019, AND (2) CONFIRMING AWARD OF ARBITRATOR**